**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**STACY ACUFF, on**                                                                    **PLAINTIFF**
**behalf of herself and those
similarly situated**

**vs.**                          **CASE NO.: 3:13-cv-641-CWR-FKB**

**BABY O'S RESTAURANT INC.,
a Mississippi For Profit Corporation,
DANNY OWENS, Individually, and
DAX OWENS, Individually**                      **DEFENDANTS**

---

**FIRST AMENDED COMPLAINT & DEMAND FOR JURY TRIAL**

---

Plaintiff, STACY ACUFF, on behalf of herself and those similarly situated, brings this action against Defendants, BABY O'S RESTAURANT, INC., a Mississippi Corporation, and DANIEL OWENS, Individually, and Dax Owens, Individually and alleges:

      1.       Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**GENERAL ALLEGATIONS**

      2.       Plaintiff worked for Defendants at "Danny's Cabaret Downtown" from approximately March 2011 to August 2012 and from January 2013 to May 2013 primarily as a waitress, bartender and front door worker.

      3.       During her employment with Defendants, Plaintiff was paid the tipped minimum wage ($2.13/hr) as a waitress, and was paid the regular minimum wage ($7.25/hr) as a bartender and front door worker.

      4.       Plaintiff worked for Defendants in Jackson, Mississippi.

5. Defendant, BABY O'S RESTAURANT, INC., is a Mississippi Corporation that operates and conducts business in Jackson, Mississippi and is within the jurisdiction of this Court.

6. At all times relevant to this action, DANIEL OWENS was an individual resident of the State of Mississippi, who owned and operated BABY O'S RESTAURANT, INC., and who regularly exercised the authority to: (a) hire and fire employees of BABY O'S RESTAURANT, INC.; (b) determine the work schedules for the employees of BABY O'S RESTAURANT, INC., and (c) control the finances and operations of BABY O'S RESTAURANT, INC. By virtue of having regularly exercised that authority on behalf of BABY O'S RESTAURANT, INC., DANIEL OWENS is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated hourly paid employee who worked for Defendants at any time within the past three (3) years within the State of Mississippi.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. Defendants were "employers" of the Plaintiff within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times relevant to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times relevant to this action, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Within the last three years, Defendants employed at least two employees engaged in interstate commerce or who handled goods, materials or supplies which had traveled in interstate commerce such as liquor, beer, other alcohol, cash register machines, computers, telephones, fax machines and other bar equipment.

15. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

16. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff for all hours worked.

17. Specifically, Defendants required Plaintiff to clock out at night but continue working to shut the location down and to complete required paperwork.

18. As a result of such a practice, Plaintiff was not paid for all regular and/or overtime hours worked.

19. Defendants failed to keep accurate pay and time records as required by law.

20. Additionally, during her time working as a waitress, Defendants required Plaintiff to pay $5 per shift to work as a waitress, made her split tips received with her manager and the company, and also would not pay her for tips received on credit card transactions.

21. As a result of these practices, Defendants violated the FLSA's tip credit provisions and owe Plaintiff reimbursement of the tip credit taken for her work as a server.

22. Defendants utilized these same practices for other similarly situated employees, also violating the FLSA with regard to these other employees.

23. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who did not receive complete overtime compensation or were improperly paid the tipped minimum wage as a result of the practices above.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

25. Plaintiff and those similarly situated employees are/were entitled to be paid complete overtime compensation for each hour worked in excess of forty (40) per work week.

26. During their employment with Defendants, Plaintiff and those similarly situated employees were required to work off-the-clock and were not paid complete overtime compensation for all hours worked.

27. Defendants were aware of the FLSA which required employees to be paid overtime compensation for each overtime hour worked.

28. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees complete overtime compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, STACY ACUFF, on behalf of herself and those similarly situated, demands judgment against Defendants for the payment of all unpaid overtime compensation for all similarly situated employees, liquidated damages, reasonable attorneys' fees and costs incurred in

this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

32. Plaintiff and those similarly situated employees are/were entitled to be paid the minimum wage for each hour worked during their employment with Defendants.

33. During their employment with Defendants, Plaintiff and those similarly situated employees were required to work off-the-clock and were not paid the minimum wage for each hour worked.

34. Additionally, Defendants improperly paid Plaintiff and those similarly situated employees the tipped minimum wage for work performed as a server as a result of Defendants' practices in making them pay $5 per shift to work as waitresses, making them split tips received with managers and the company, and also not paying them for tips received on credit card transactions.

35. Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendants have refused to respond to the letter.

36. As a result of Defendants' actions above, Plaintiff and those similarly situated employees have not been paid the full and complete minimum wage for each hour worked with Defendants.

37. Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

38. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated employees have been damaged in the loss of minimum

wages for one or more weeks of work with Defendants.

   39.  Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, STACY ACUFF, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

This the 3rd day of February, 2014.

            Respectfully submitted,

            STACY ACUFF, on behalf of herself and those similarly situated

            /s/ Christopher W. Espy_____
            Christopher W. Espy, Esq., MSB #102424
            CHRISTOPHER W. ESPY,
            ATTORNEY AT LAW, PLLC.
            P.O. Box 13722
            Jackson, MS 39236-3722
            Tel.: (601) 812-5300
            Fax: (601) 500-5719
            Email: chris.espy@espylawpllc.com

            ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Christopher W. Espy, one of the attorneys for Plaintiffs, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification to the follow following counsel of record:

> James N. Scarff, II
> THE SCARFF LAW FIRM, LLC
> P.O. Box 4982
> Jackson, Mississippi 39296
> Tel.: (601) 278-9450
> Email: scarfflawfirm@gmail.com
>
> ATTORNEY FOR DEFENDANTS

SO CERTIFIED, this the 3rd day of February, 2014.

/s/ Christopher W. Espy_____
Christopher W. Espy, Esq.,